**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4365
_____

SHARON DAVIS,
                              Appellant

v.

CITY OF NEWARK; CITY OF NEWARK POLICE DEPARTMENT; ANTHONY F.
AMBROSE, III, individually and under color of state law as Police Director for the City
of Newark; IRVING BRADLEY, JR., individually and under color of state law as Police
Chief for the City of Newark; LIEUTENANT JOHN SCOTT-BEY, individually and
under color of state law as Captain for the City of Newark Police Department; ADOLPH
VASQUEZ, individually and under color of state law as Sergeant for the City of Newark
Police Department; JOHN AND JANE DOES 1-99, (fictitious names); XYZ
CORPORATIONS 1-10, municipal or governmental entities and their supervisors, agents
and employees
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-5317)
District Judge:  Garrett E. Brown Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2011
Before:  BARRY, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed : March 10, 2011 )
_____

OPINION
_____

PER CURIAM

Pro se appellant Sharon Davis appeals the District Court's order dismissing her complaint. We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). For the reasons discussed below, we will affirm the District Court's judgment.

Davis, an African-American female, was employed as a police officer with the Newark Police Department. She filed a seven-count complaint against the City of Newark, the Police Department, and several individuals (collectively, "defendants"), alleging racial discrimination and impermissible retaliation under Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination (NJLAD). The District Court granted the defendants' motions to dismiss all claims, and Davis appealed. We affirmed the District Court's order as to all claims except those alleging retaliation; as to those claims, we reversed and remanded with instructions to address the claims in light of the Supreme Court's then-recent decision in Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006).

On remand, the District Court again dismissed Davis's remaining claims.[1] The Court considered each of Davis's allegations of retaliation, and concluded that she had failed to state a prima facie case.

_____

[1] The defendants framed their motions as seeking summary judgment, but the District Court, after noting that the defendants' arguments focused on Davis's complaint, treated them as motions to dismiss and did not consider any evidence extraneous to the pleadings. We have explained that "[if] the district court dismisses an action for failure to state a claim on the face of the pleadings on a motion for summary judgment, a motion

We agree with the District Court's analysis of Davis's claims. To establish a prima facie case of retaliation under Title VII or the NJLAD, Davis must plead (1) that she engaged in a protected activity; (2) that she suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action. See Abramson v. William Paterson Coll., 260 F.3d 265, 286 (3d Cir. 2001).

Most critical to this case is the first element. As relevant here, Title VII[2] protects "those who oppose discrimination made unlawful by Title VII." Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006). Not every complaint or report entitles its author to protection from retaliation under Title VII. See Burlington N. & Santa Fe Ry.,

---

so decided is functionally equivalent to a motion to dismiss and we must review it accordingly." Melo v. Hafer, 912 F.2d 628, 633-34 (3d Cir. 1990). Accordingly, we will accept all factual allegations in the complaint as true, construe it in the light most favorable to Davis, and determine whether, under any reasonable reading of the complaint, Davis may be entitled to relief. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). Further, given that the District Court dismissed Davis's complaint, it was appropriate to deny as moot her cross-motion for summary judgment. See 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2713 (3d ed. 2010) ("Of course, when a court decides to dismiss an action, on a voluntary or involuntary basis, pending motions for summary judgment against the claimant may be treated as moot and therefore not be decided."); cf. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 444 (3d Cir. 1977).

[2] While this discussion focuses on Title VII, the same analysis applies to Davis's NJLAD claim. New Jersey courts "have frequently looked to case law under Title VII of the Civil Rights Act of 1964 for guidance in developing standards to govern the resolution of LAD claims." Carmona v. Resorts Int'l Hotel, Inc., 915 A.2d 518, 528 (N.J. 2007) (internal quotation marks, citation omitted). To establish a prima facie case of retaliation under the NJLAD, Davis must plead both that she opposed a "a practice rendered unlawful" by the statute and that the employer knew about that opposition. Young v. Hobart W. Group, 897 A.2d 1063, 1073 (N.J. Super. Ct. App. Div. 2005). For the reasons discussed below, Davis has failed to make a prima facie case.

3

548 U.S. at 68 (noting that Title VII does not "set forth a general civility code for the American workplace" (internal quotation marks omitted)).  Rather, only complaints about discrimination prohibited by Title VII — that is, discrimination on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2 — constitute "protected activity."  See Barber v. CSX Distrib. Servs., 68 F.3d 694, 701-02 (3d Cir. 1995).  Thus, for a complaint to amount to "protected activity," it must implicate an employment practice made illegal by Title VII.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 135 (3d Cir. 2006).  General complaints of unfair treatment will not suffice.  See Barber, 68 F.3d at 702.

We agree with the District Court that, even accepting Davis's allegations, she has failed to claim that she was retaliated against due to her complaints about conduct prohibited by Title VII.  For instance, she purportedly complained about certain violations of departmental regulations — such as Officer Colon's transfer, officers' smoking on site, and the practice of sending one-officer units to two-officer areas — but she does not claim that those complaints alleged the existence of unlawful discrimination.  Similarly, her reports to supervisors about being called a "pain" did not ascribe the criticism to her race or gender.  She either did not identify any cause for the disparagement, or identified some cause that is outside Title VII's ambit (as when she complained that Officer Reitemeyer had criticized her because she was being paid overtime for medical treatment).  Because Davis's sundry complaints to her superiors failed to identify any conduct proscribed by Title VII, they do not amount to "protected activity," and thus cannot form the basis for a retaliation claim  See, e.g., Sitar v. Ind.

4

DOT, 344 F.3d 720, 727 (7th Cir. 2003) (employee had not engaged in protected activity because she "complained only that she felt picked on, not that she was discriminated against 'because of' sex or gender, which is what Title VII requires").

We note that while Davis has alleged stray incidents of race or gender discrimination, she has not made a prima facie case of retaliation with respect to any of those allegations. For instance, she alleged that white male officers avoided working with her; she has not, however, claimed that she opposed that practice or that she was then retaliated against for her opposition. See, e.g., Moore, 461 F.3d at 340-41. Instead, those allegations appear to have been designed to support her hostile-work-environment claim, which has already been conclusively resolved against her. Similarly, although Davis has argued at length that certain adverse actions that were allegedly taken against her are sufficient to make out a prima facie case pursuant to the Supreme Court's decision in Burlington Northern & Santa Fe Railway Co. , these arguments do not address her complaint's fundamental failing — that she failed to allege that she was retaliated against for engaging in "protected activity."

Accordingly, we perceive no error in the District Court's conclusion that Davis failed to allege a prima facie case of retaliation under either Title VII or the NJLAD. We will therefore affirm the District Court's order dismissing her complaint.